# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 1:10-cr-158-004 |
| v. ) | |
| ) | Judge Collier/Steger |
| JASON CRAIG LANGSTON ) | |

## MEMORANDUM AND ORDER

JASON CRAIG LANGSTON ("Defendant") came before the Court for an initial appearance on October 1, 2018, in accordance with Rule 32.1 of the Federal Rules of Criminal Procedure on the Petition for Warrant for Offender under Supervision ("Petition")[Doc. 287].

After being sworn in due form of law, Defendant was informed of his privilege against self-incrimination under the 5th Amendment and his right to counsel under the 6th Amendment to the United States Constitution.

The Court determined Defendant wished to be represented by an attorney and that he qualified for the appointment of an attorney to represent him at government expense. Consequently, the Court APPOINTED Attorney Jackson Whetsel with Federal Defender Services of Eastern Tennessee, Inc. to represent Defendant.

Defendant was furnished with a copy of the Petition, and had an opportunity to review that document with his attorney. The Court determined that Defendant was able to read and understand the Petition with the assistance of his counsel. In addition, AUSA Kyle Wilson explained to Defendant the specific charges contained in the Petition. Defendant acknowledged that he understood the charges in the Petition.

The Government moved Defendant be detained pending disposition of the Petition or further Order of this Court. The Court explained Defendant's right to a preliminary hearing and detention hearing and what those hearings entail. Defendant conferred with his counsel and requested a detention hearing.

The Court conducted the detention hearing on October 3, 2018. Defendant was represented by Jackson Whetsel at this hearing, and the Government was represented by AUSA Jay Woods. The Government relied upon the testimony of United States Probation Officer Kim Williams, as well as the sworn Petition executed by Officer Williams and Supervising United States Probation Officer Kevin Matherly, which includes a recitation of the violations of conditions of supervision committed by Defendant (*i.e.*, Defendant shall not illegally possess or use a controlled substance; Defendant shall not commit another federal, state or local crime; Defendant shall work regularly at a lawful occupation; Defendant shall notify the probation

1

officer at least ten days prior to any change in residence or employment; Defendant shall participate in a program of testing and/or treatment for drug and/or alcohol abuse, as directed by the probation officer until such time as Defendant is released from the program by the probation officer; Defendant shall participate in a program of mental health treatment, as directed by the probation officer). Defendant's counsel, Jackson Whetsel, cross-examined Officer Williams. Counsel for both sides were given an opportunity to argue for and against detention.

The undersigned finds that Defendant tested positive for illegal drug use on four occasions, and was arrested for a new felony drug charge which was later reduced to a misdemeanor offense for possession of marijuana. Defendant has also failed to cooperate with the drug testing requirement imposed upon him, and has been untruthful with the probation officer and representatives of CADAS. Finally, Defendant has failed to follow requirements that he undergo mental health treatment.

The Court finds that the evidence establishes probable cause to believe that Defendant has committed violations of his conditions of supervised release, and that he has failed to demonstrate by clear and convincing evidence that he does not pose a danger to any other person or to the community. The Court does not find that Defendant poses a risk of flight. Consequently, the Court **GRANTED** the Government's oral motion to detain Defendant pending disposition of the Petition.

It is, therefore, **ORDERED** that:

1. The Government's motion that Defendant be **DETAINED WITHOUT BAIL** pending his revocation hearing before Judge Collier is **GRANTED**.

2. Defendant shall remain in custody pending the revocation hearing before Judge Collier on **October 17, 2018 at 2:00 p.m.**

3. The U.S. Marshal's Service shall make arrangements to transport Defendant to the revocation hearing before United States District Judge Collier on **October 17, 2018, at 2:00 p.m.**

**ENTER.**

CHRISTOPHER H. STEGER
UNITED STATES MAGISTRATE JUDGE